## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARIO VILLABONA-ALVARADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-cv-641-DRH |
| | ) | |
| UNITED STATES of AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, formerly an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

In 1989, Plaintiff was held in the Metropolitan Detention Center in Los Angeles, California, awaiting trial. In October 1989, he was moved to administrative detention based on a statement by

another inmate that Plaintiff was planning a violent escape. Apparently an investigation of that statement proved it to have no substance. Plaintiff was later convicted; he was sentenced to life without parole[1] and, in January 1990, he arrived at USP-Marion to serve his sentence. In 1994, Plaintiff was transferred to the ADX in Florence, Colorado; he is currently confined in the USP in Atlanta, Georgia. The basis for this action is Plaintiff's security classification. He alleges that from 1990-1994, Defendants included the "violent escape" accusation in his prison file and relied upon it in determining his classification. He argues that he should never have received a maximum security classification, and for that erroneous classification he seeks compensatory and punitive damages for each day he was in Marion.

Classifications of inmates implicate neither liberty nor property interests. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Pischke v. Litscher*, 178 F.3d 497, 500-01 (7th Cir. 1999). Therefore, Plaintiff has no constitutional right to a particular security classification.

Even if he had such a protected interest, a much larger obstacle bars his claim – the statute of limitations. "Bivens actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)." *Delgado-Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir. 1996). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, federal civil rights claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the

---

[1] It appears that his sentence was later reduced, and he has an expected release date of September 12, 2012 (*see* Doc. 1 p. 67).

accrual of such claims. *Kelly*, 4 F.3d at 511.

A civil rights claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. In this case, the incident in question happened from 1990-1994; thus his civil rights action should have been filed within two years, or by late 1996. Plaintiff did not file this action until September 2007, over 11 years too late. He tries to overcome this obstacle by stating that he did not obtain the documentation to prove his claims until mid-2006. However, as clearly established by his attached grievances (Exhibits A-D), in 1991 he was well aware of the facts relied upon in determining his security classification. Therefore, because Plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

Accordingly, this action is **DISMISSED with prejudice**. Plaintiff should consider his complaint dismissed as legally frivolous within the meaning of 28 U.S.C. § 1915A(b)(1). Therefore, Plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Okoro v. Bohman,* 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained.").

**IT IS SO ORDERED.**

**DATED: October 16, 2008.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**